## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **LINDA J. HOWARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No. 5:15–cv–00393-CLS** |
| ) | |
| **HIGHLANDS MEDICAL** ) | |
| **CENTER, CUMBERLAND** ) | |
| **HEALTH AND REHAB, and** ) | |
| **BRAD HINTON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDERS

Plaintiff, Linda Howard, commenced this action in the Circuit Court of Jackson County, Alabama, against Highlands Medical Center, Cumberland Health and Rehab, and Brad Hinton.  Her state-court complaint alleged violations of

> TITLE VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Genetic [Information] Nondiscrimination Act, the Older Workers Benefit Protection Act of 1990, the Equal Pay Act, Alabama Code § 25-1-21 [Alabama Age Discrimination in Employment Act of 1997], and/or the Americans with Disabilities Act.

Doc. no. 1-1 (State Court Complaint) ¶ 5 (alterations supplied).  Defendants properly removed the action to this court on March 5, 2015.[1]  The action presently is before the court on defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[1] Doc. no. 1 (Notice of Removal).

and plaintiff's motion to remand.[2]

## I.  MOTION TO REMAND

Plaintiff contends that this court should remand this properly-removed action, because state courts enjoy concurrent jurisdiction over the claims asserted herein.[3] Upon consideration, the motion is denied.

## II.  LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a claim for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that  pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557.

---

[2] Doc. no. 3 (Motion to Dismiss).

[3] Doc. no. 5 (Plaintiff's Response Brief), at 6–7.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded*

*factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678–79 (alterations in citations and emphasis supplied).

## III. DISCUSSION

### A.      Claims Against Non-Juridical Entities

Defendants contend that plaintiff has named two non-juridical entities as defendants: "Highlands Medical Center"; and, "Cumberland Health and Rehab."[4]   They contend that those two entities are operated by Jackson County Health Care Authority, a juridical entity that is the proper defendant in this case.[5]   In her response brief, plaintiff "la[id] out [her] intentions as to who should be sued, the Jackson County Health Care Authority and Brad Hinton."[6]   Accordingly, plaintiff's claims against "Highlands Medical Center" and "Cumberland Health and Rehab" will be dismissed, and plaintiff will be ordered to amend her complaint.[7]

### B.      Failure to Exhaust Administrative Remedies

Defendants next contend that plaintiff's claims under the Age Discrimination in Employment Act ("ADEA") and Title VII should be dismissed for plaintiff's failure to

---

[4] *See* doc. no. 1-1 (State Court Complaint).

[5] Doc. no. 3 (Motion to Dismiss), at 5–6.

[6] Doc. no. 5 (Plaintiff's Response), at 2 (alterations supplied).

[7] Plaintiff also has asserted claims against three fictitious defendants.  *See* doc. no. 1-1 (State Court Complaint).  There being no fictitious party pleading in federal court, this court will, *sua sponte*, dismiss all fictitious parties.

plead exhaustion of her administrative remedies.[8]

Before a plaintiff can bring an action under either statute, she must file a timely charge of discrimination with the Equal Employment Opportunity Commission and receive a dismissal and notice of rights — or, in the case of the ADEA, allow a statutory time to lapse after filing the charge. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (Title VII); *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA).

In response to defendants' motion to dismiss, plaintiff filed a copy of the "Dismissal and Notice of Rights" she received from the EEOC on December 2, 2014.[9] That document provides that plaintiff may bring an action for defendants' alleged violations of Title VII and the ADEA, among other statutes. Accordingly, defendants' motion to dismiss for plaintiff's failure to plead exhaustion of her administrative remedies is due to be denied.

## C.   Failure to State a Claim Under Title VII

Defendants next contend that plaintiff failed to state a claim under Title VII.[10] Plaintiff "concedes" that the Title VII claim was inappropriate, due to undersigned counsel's mistake."[11] Accordingly, plaintiff's Title VII claim is due to be dismissed.

---

[8] Doc. no. 3 (Motion to Dismiss), at 6.

[9] Doc. no. 5 (Exhibit A to Plaintiff's Response), at ECF 9.

[10] Doc. no. 3 (Motion to Dismiss), at 7.

[11] Doc. no. 5 (Plaintiff's Response), at 3.

**D.      Failure to State a Claim Under GINA**

Defendants also contend that plaintiff failed to state a claim under the Genetic Information Nondiscrimination Act ("GINA").[12]      Again, plaintiff concedes that "undersigned counsel was also unaware of GINA's inapplicability, given, in Defendants' words, the 'relatively obscure, yet complex statutory and regulatory scheme' it contains."[13]   Accordingly, plaintiff's GINA claim is due to be dismissed.

**E.      Election of Remedies Under the ADEA and AADEA**

Defendants next contend that, because plaintiff has brought a claim under the federal ADEA, she is precluded from also asserting a claim under the corollary Alabama Age Discrimination in Employment Act ("AADEA").     The AADEA provides that a plaintiff cannot simultaneously pursue an age discrimination claim under both federal and state statutes, but must, instead, elect her remedies:

> Any person aggrieved may elect to pursue their remedies under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act[,] 29 U.S.C. Section 621[,] *or in the alternative bring a civil action in the circuit court of the county in which the person was or is employed for such legal or equitable relief as will effectuate the purposes of this article.  However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice.  Further, any party bringing action under this section shall only be entitled to one recovery of damages.*  Any damages assessed in one court will offset any entitlement to damages in any other state or federal court.  In any action, a person shall be entitled to a trial by

---

[12] Doc. no. 3 (Motion to Dismiss), at 8.

[13] Doc. no. 5 (Plaintiff's Response), at 3.

> jury of any issue of fact in any action for recovery of amounts owed as a result of a violation of this article, regardless of whether equitable relief is sought by any party in the action. Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.

Ala. Code § 25-1-29 (1975) (alterations and emphasis supplied).  Indeed, this court previously has found that claims based upon both the ADEA and the AADEA are "duplicative." *Collins v. Compass Group, Inc.*, 965 F. Supp. 2d 1321, 1330 (N.D. Ala. 2013) (Kallon, J.); *see also King v. Adtran*, No. 5:13-cv–1362-CLS, 2014 WL 6983312 (N.D. Ala. December 10, 2014) (Smith, J.).  Accordingly, plaintiff's AADEA claims are due to be dismissed.

## F.     Failure to State a Claim for Breach of Contract

Defendants next contend that plaintiff's claims for breach of her employment contract are due to be dismissed.[14]   In Count Three of plaintiff's complaint, "Breach of Contract," she alleges that defendants failed "to abide by the terms of Plaintiff's employment contract by terminating Plaintiff without just cause, failing to properly supervise other employees, and failing to provide [unemployment] benefits."[15]

Under Alabama law, a contract for employment is presumed to be "at will." *Ex*

---

[14] Doc. no. 3 (Motion to Dismiss), at 11.

[15] Doc. no. 1-1 (State Court Complaint) ¶ 15(a) (alteration supplied).

*parte Michelin North America, Inc.*, 795 So. 2d 674, 677 (Ala. 2001). Absent an allegation to the contrary in plaintiff's complaint, this court must presume that plaintiff's employment was "at will." Accordingly, plaintiff's claims for breach of contract are due to be dismissed.

## G.     Failure to State a Claim for Negligence

It is axiomatic that, in order to state a cognizable claim for negligence, a plaintiff must show that the defendant owed plaintiff a duty. *See, e.g.*, *Smith v. AmSouth Bank, Inc.*, 892 So. 2d 905, 909 (Ala. 2004). Plaintiff's complaint alleges that defendants breached the duties: to investigate allegations of plaintiff's misconduct; to exercise reasonable care when conducting such an investigation; to inform plaintiff "of her rights"; to prevent "potential false allegations"; and, to "maintain . . . video equipment."[16] Plaintiff cited no authority interpreting Alabama law — nor could this court discover any — recognizing any of those alleged duties. Accordingly, plaintiff's negligence claims are due to be dismissed.

## H.     ADEA Claim Against Defendant Brad Hinton

Defendants contend that plaintiff's ADEA claim against Brad Hinton, her former supervisor, is due to be dismissed. Defendants correctly contend that Hinton cannot be

---

[16] It appears that plaintiff also attempts to plead a negligent supervision claim. To state a claim of negligent supervision, however, a plaintiff must show, among other things, that an employee committed a tort that is recognized under Alabama law. As stated above, plaintiff has failed to allege *any* tort that is recognized under Alabama law. Accordingly, her negligent supervision claim, to the extent she asserts one, is due to be dismissed.

held liable under the ADEA, because that statute permits relief only against an *employer*, not a *supervisor* or other employee. *See, e.g., Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (holding that individuals "cannot be held liable under the ADEA or Title VII" because relief under those statutes is granted against the employer, not individual employees). Accordingly, plaintiff's ADEA claim against Hinton is due to be dismissed.[17]

## I.    Motion for Sanctions

Defendants request "sanctions on the subjects of" its motion to dismiss, pursuant to Federal Rule of Civil Procedure 11.[18]   The Eleventh Circuit has held that "[w]here, as here, a case is removed from state court, Rule 11 does not apply to pleadings filed before removal." *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (alteration supplied). Even so, a brief filed "in opposition to a motion to dismiss [is] sanctionable if [it] resulted in the continuation of a baseless lawsuit." *Id.* (alterations supplied). Plaintiff's brief in response to defendants' motion to dismiss did not continue a baseless lawsuit.[19]   To the contrary, plaintiff admitted in her brief that some of her

---

[17] It appears that plaintiff concedes that her ADEA claim against Hinton is due to be dismissed, as she contends only that "the negligence and breach of contract claims against Hinton should not be dismissed." Doc. no. 5 (Plaintiff's Response Brief), at 5. This court already has found that all of plaintiff's negligence claims are due to be dismissed. *See supra* Part III.G.

[18] Doc. no. 3 (Motion to Dismiss), at 16–17.

[19] *See* doc. no. 5 (Plaintiff's Response Brief).

claims were due to be dismissed as "inappropriate."[20]   Accordingly, defendants' motion for sanctions is due to be denied.

## IV.  CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that the motion to dismiss is GRANTED in part and DENIED in part.  The motion is GRANTED as to plaintiff's Title VII, GINA, AADEA, breach of contract, and negligence claims, as well as all claims asserted against defendant Brad Hinton and fictitious defendants, and all of such claims are DISMISSED.  The motion to dismiss is DENIED as to plaintiff's ADEA claim.  The motion to remand is DENIED.  Plaintiff is ORDERED to amend her complaint to name "Jackson County Health Care Authority" as the proper defendant within seven days of this order.

**DONE** and **ORDERED** this 10th day of August, 2015.

_____
United States District Judge

---

[20] *Id.* at